IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR  21–39–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| BRYAN LEE SCHULTZ, | |
| Defendant. | |

Before the Court is Defendant Bryan Lee Schultz's Motion in Limine Regarding Impact of Defendant's Chapter 7 Bankruptcy Proceedings *Vis-à-vis* the Indictment.  (Doc. 17.)  The motion argues that Mr. Schultz's Chapter 7 Bankruptcy Petition in Nevada, which resulted in the discharge of default judgments obtained by the bank alleged to be a victim in this case and a settlement between the bank and Mr. Schultz's former business partner, "materially altered Mr. Schultz's transactions with the bank, such that all claims of fraud by the bank are either mooted out, waived, and/or otherwise resolved[,]" and the United States therefore should not be permitted to "claim as loss at trial or sentencing pecuniary harm to the bank" or "stand in any stronger position than the victim (the bank) on the fraud allegations in the indictment." (*Id.* at 2–3.)  The motion requests "an order in limine ruling on the relevance and/or impact of the Nevada bankruptcy

1

proceeding."  (*Id.* at 3.)

The United States responds that the bankruptcy is not a defense to a bank fraud conviction, it is inadmissible at trial, and it is irrelevant when calculating restitution under the Mandatory Victim Restitution Act.  (Doc. 21 at 9–10.)  The United States argues that "[t]o introduce evidence of irrelevant post-fraud mitigation efforts, including bankruptcy, would only introduce extraneous issues likely to confuse and mislead the jury" and requests that any reference to bankruptcy be excluded from trial.  (*Id.* at 11–12.)  The United States also argues that the discharge ordered under 11 U.S.C. § 727 in Mr. Schultz's case is subject to an exception that does not discharge any payment of an order of restitution issued under title 18 of the United States Code, and criminal restitution under the MVRA cannot be waived by a prior civil settlement, and the bankruptcy therefore is irrelevant to sentencing and restitution, as well.  (*Id.* at 12–14.)

Mr. Schultz responds that the bankruptcy discharge and his former partner's settlement agreement with the bank were "lawful measures to resolve [the] claims with the bank[,]" but his former business partner has not been prosecuted for fraud "apparently by virtue of the accord and satisfaction, but Mr. Schultz is held accountable because he purchased a truck and a watch."  (Doc. 23 at 3.)  Mr. Schultz maintains that a restitution obligation is a "debt" subject to discharge, and that by failing to object to Mr. Schultz's bankruptcy petition, "the bank (and by

2

extension the government) has waived the right to deny that this prosecution is really just an attempt to end run the bankruptcy code in order to collect a debt." (*Id.* at 3–7.)  As a result, he argues, "[t]he jury should hear the whole story" of his company's downfall, including the bankruptcy, "[t]o prove no intent to deceive or cheat[.]"  (*Id.* at 7–8.)

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area."  *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009).  Such motions do not "resolve factual disputes or weigh evidence" but rather focus on whether the evidence at issue is "inadmissible on all potential grounds."  *United States v. Meech*, 487 F. Supp. 3d 946, 952 (D. Mont. 2020).  In adjudicating motions in limine, this Court is afforded broad discretion. *Id.* at 952–53.  "However, in limine rulings are not binding" and this Court "may always change [its] mind during the course of a trial."  *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

Only relevant evidence is admissible.  Fed. R. Evid. 402.  Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Although relevant, evidence may nonetheless be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.  Fed. R. Evid. 403.  This Court's discretion to exclude evidence under

3

Rule 403 is broad.  *United States v. Rizk*, 660 F.3d 1125, 1132 (9th Cir. 2011).

The bank fraud statute Mr. Schultz is alleged to have violated "demands neither a showing of ultimate financial loss nor a showing of intent to cause financial loss," *Shaw v. United States*, 137 S. Ct. 462, 467 (2016), and as a result, an after-the-fact discharge of Mr. Schultz's civil debt to the alleged victim does not moot, waive, or resolve the issue of his guilt or innocence of the alleged bank fraud offenses.  *See also United States v. McCormick*, 72 F.3d 1404, 1409 (9th Cir. 1995) (holding that defendant's intent to repay victim is irrelevant to offense of making a false statement to a bank).  The bankruptcy judgment also "does not preclude a subsequent restitution order[,]" and "[c]riminal restitution is mandatory under the MVRA and cannot be waived by a prior civil settlement." *United States v. Edwards*, 595 F.3d 1004, 1013–14 (9th Cir. 2010).

Accordingly, the Court concludes that evidence of Mr. Schultz's bankruptcy proceedings or of his former business partner's civil settlement with the alleged bank victim is not relevant and is therefore inadmissible to the extent it is introduced in support of the proposition that the alleged victim waived or resolved Mr. Schultz's alleged criminal liability or liability for criminal restitution.  Fed. R. Evid. 402.  The Court further concludes that, although the "series of catastrophic circumstances that led to the demise of" Mr. Schultz's business potentially is relevant to his *mens rea* during the alleged offenses, the probative value of

4

evidence of the bankruptcy proceedings and his business partner's civil settlement with the alleged victim is substantially outweighed by the danger of confusing the issues or misleading the jury and therefore inadmissible.  Fed. R. Evid. 403.  In particular, this evidence may create the misleading impression that the bank's conduct during the bankruptcy proceedings, or the civil issues resolved by the bankruptcy judgment and/or his business partner's civil settlement, bear on Mr. Schultz's guilt or innocence of the alleged offenses.  The Court will therefore exclude evidence of Mr. Schultz's bankruptcy petition, proceedings, and judgment (including the fact that his obligation to pay the bank's default judgments against him was discharged) and his former business partner's civil settlement with the bank during the trial.  Fed. R. Evid. 403.

Accordingly, IT IS ORDERED that the motion (Doc. 17) is DENIED.

IT IS FURTHER ORDERED that the Court will not permit introduction of any evidence at trial regarding (1) Mr. Schultz's bankruptcy petition, proceedings, or judgment, or (2) Mr. Schultz's former business partner's settlement of civil claims with the alleged victim bank.

DATED this 12th day of January, 2022.

Dana L. Christensen, District Judge
United States District Court